**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X          Chapter 13
IN RE:

                                                                            Case No.: 17-42439

        **VALERIE CRENSHAW**

                        **Debtor(s)**                                **CHAPTER 13 PLAN**
--------------------------------------------------------X


1.   The future earnings of the debtor(s) are submitted to the supervision and control of the
trustee, and the debtor(s) shall pay to the trustee for a total of 60 months, the sum of:

                 $ **1700.00** commencing **May  17, 2017** through and including **May 17, 2022** for a period of 60 months.


2.   From the payments so received, the trustee shall make disbursements as follows:
        (a)  Full payment in deferred cash payments of all claims entitled to priority under
              11 U.S.C. §507.

              Internal Revenue Service                              $2,000.00
              Address: PO BOX 37004
              Hartford,CT 06176

        (b)  Holders of allowed secured claims shall retain the liens securing such claims
              and shall be paid as follows:

              Selene Finance                                          $87,000.00
              P.O. Box 422039
              Houston, TX 77242


        (c)  Subsequent and/ or concurrently with distribution to secured, priority, and administrative
              creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO
              RATA distribution to all timely filed proofs of claim of not less than 20%(percent).**

3.   The Debtor shall make all post-petition payments for Selene Finance, LP in the amount of $1,500.00 directly to
the trustee.

### Loss Mitigation/Loan Modification

4.   The mortgage due to _ (mortgage lien holder) on the property known as _ (property address) under account number
       ____-_____ is in default.  Said default including all arrears, legal fees and other expenses due to the mortgagee
       shall be capitalized pursuant to a loan modification under the Court's Loss Mitigation Program, as provided in
       General Order 582 in the United States Bankruptcy Court for the Eastern District of New York.  The debtor(s)
       post-petition mortgage payments is in arrears of _. The estimated monthly payment of ____ shall be paid directly
       to the Chapter 13 Trustee, while Loss Mitigation application is pending, and until such time as the Debtor(s) has
       entered into a trial loan modification under the Loss Mitigation Program.  Contemporaneous with the approval
       and commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of
       the Debtor(s) petition to reflect the terms of the trial agreement, including the direct payment, going forward, of
       the mortgage to the mortgage lien holder.

## JUNIOR MORTGAGE LIENS TO BE AVOIDED

5. **Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325 (a) and 1328(f) the debtor intends to avoid a mortgage lien on the debtor's primary residence located at _____ _____("Property") held by _____ [Loan No.(Last four digits)_____] [Claim No. _____ filed on _____ in the amount of _____]. The debtor(s) are eligible to receive a discharge in this case, and the debtor(s) filed a motion pursuant to Bankruptcy Rule 3012 to value the junior mortgage lien held by_____, which was heard and determined by order dated _____ ("Rule 3012 Order"). In the Rule 3012 Order the Court found that the junior mortgage held by _____ is not secured by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and the secured claim on the Property held by _____ shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph (c) above.**

**Upon entry of the Chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.**

6. All lease agreements are hereby assumed, unless specifically rejected as follows: __n/a.

7. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), <u>less than one hundred percent (100%),</u> the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

8. Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u> Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.


/s/ Valerie Crenshaw
Debtor

/s/ Irene Costello
Attorney for Debtor

Dated: __June 1, 2017